Lennon, Murphy & Lennon, LLC
Attorneys for Defendant
COMBI LINE INTERNATIONAL, S.P.A.
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone:    (212) 490-6050
Facsimile:    (212) 490-6070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HARTFORD FIRE INSURANCE          :
COMPANY.,                                          :
                                                              :
                            Plaintiff,            :
                                                              :       07 CV 11606 (MGC)
        -against-                                  :
                                                              :       ECF CASE
COMBI LINE INTERNATIONAL, S.P.A., :
                                                              :
                            Defendant.         :
-------------------------------------------------------X

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, COMBI LINE INTERNATIONAL, S.P.A. (hereinafter "Defendant" or "COMBI LINE") through its attorneys Lennon, Murphy & Lennon, LLC responds, upon information and belief, to the Verified Complaint dated December 27, 2007 of Plaintiff, Hartford Fire Insurance Company, as follows:

1.    Admits that this is a claim under the Court's Admiralty and Maritime jurisdiction and, except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 1 of the Verified Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Verified Complaint.

3. Denies that the shipper and consignee have performed all conditions required on their part to be performed with respect to the subject shipment. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 3 of the Verified Complaint.

4. Admits that Defendant is and was a corporation organized and existing under and by virtue of the laws of a foreign state and is a common carrier by water for hire. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 4 of the Verified Complaint.

5. Denies the allegations set forth in Paragraph 5 of the Verified Complaint.

6. Denies the allegations set forth in Paragraph 6 of the Verified Complaint.

7. Denies the allegations set forth in Paragraph 7 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Verified Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense

2. If there was any loss and/or damage to cargo as alleged in the Verified Complaint it was occasioned by causes for which this answering Defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Appx. section 1300, et seq.

### Third Affirmative Defense

3. If this Honorable Court finds that the Plaintiff has suffered damages to cargo for which this answering Defendant is liable, said damages must be limited pursuant to 46 U.S.C. Appx. section 1304(5).

### Fourth Affirmative Defense

4. If this Honorable Court finds that the Plaintiff has suffered damages to cargo for which this answering Defendant is liable, said damages must be limited pursuant to the Hague Visby Rules.

### Fifth Affirmative Defense

5. If there was any loss of and/or damage to cargo as alleged in the Verified Complaint, this answering Defendant is not liable to the Plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### Sixth Affirmative Defense

6. If there was any loss/and or damage to cargo as alleged in the Verified Complaint, it was occasioned by causes for which this answering Defendant is exonerated under the Harter Act, Title 46 U.S.C. section 190, et seq.

### Seventh Affirmative Defense

7. This answering Defendant puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section 1300 et seq.

### Eighth Affirmative Defense

8. Any loss or damage to the goods, as alleged in the Verified Complaint, that may have occurred while they were in the possession or custody of this answering Defendant on board the carrying vessel(s) arose from the conditions of the goods when delivered to the vessel and/or to

this answering Defendant, or from wastage in bulk or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and this answering Defendant is not under any liability for any such loss or damage.

### Ninth Affirmative Defense

9. Due diligence was used to make the carrying vessel(s) seaworthy and to ensure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. Appx. section 1300 et seq. and the aforesaid bill(s) of lading.

### Tenth Affirmative Defense

10. Any damages sustained by Plaintiff, as alleged in the Verified Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom this answering Defendant had no control.

### Eleventh Affirmative Defense

11. Any damages that may have been sustained by Plaintiff, as alleged in its Verified Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of this answering Defendant and, as such, Plaintiff is barred from recovery in this action.

### Twelfth Affirmative Defense

12. Plaintiff has failed to mitigate its damages.

### Thirteenth Affirmative Defense

13. The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

### Fourteenth Affirmative Defense

14. The action is founded upon improper venue and should be transferred pursuant to 28 U.S.C. § 1404.

### Fifteenth Affirmative Defense

15. The terms of the bill of lading, tariff, charter party and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### Sixteenth Affirmative Defense

16. Plaintiff has failed to properly and sufficiently serve process on this answering Defendant.

### Seventeenth Affirmative Defense

17. This Court lacks personal jurisdiction over this answering Defendant.

### Eighteenth Affirmative Defense

18. Plaintiff is not the real party in interest with respect to the claims and causes of action set forth in the Verified Complaint.


Dated:      March 19, 2008
            New York, New York

The Defendant,
COMBI LINE INTERNATIONAL, S.P.A.


By:_____/S/_____
Patrick F. Lennon (PL 2162)
Anne C. LeVasseur (AL3333)
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
(212) 490-6070 fax
pfl@lenmur.com
acl@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on March 17, 2008 a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____/s/_____
      Patrick F. Lennon