UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HARTFORD FIRE INSURANCE
COMPANY,

              Plaintiff,

    -against-                         07 CV 11606 (MGC)

                                   ECF CASE
COMBI LINE INTERNATIONAL, S.P.A.,

              Defendant.
-------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON THE GROUNDS OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION CLAUSE


Lennon, Murphy & Lennon, LLC
Attorneys for Defendant
COMBI LINE INTERNATIONAL, S.P.A.
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone:   (212) 490-6050
Facsimile:    (212) 490-6070
Patrick F. Lennon (PL2162)
Anne C. LeVasseur (AL3333)

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

SUMMARY OF ALLEGED FACTS .........................................................................................2

STATUS OF THE CASE .............................................................................................................3

ARGUMENT..................................................................................................................................3

POINT I
MOTION TO DISMISS LEGAL STANDARD........................................................................3

POINT II
THE FORUM SELECTION CLAUSE CONTAINED IN THE BILL OF LADING
CONTRACT IS MANDATORY AND MUST BE ENFORCED ..........................................4

CONCLUSION............................................................................................................................10

## PRELIMINARY STATEMENT

Defendant, COMBI LINE INTERNATIONAL, S.P.A. (hereinafter "Combi" or "Defendant"), submits this Memorandum of Law in support of its motion filed pursuant to Federal Rules of Civil Procedure Rule 12(b)(3) and 12(b)(6) and pursuant to 28 U.S.C. § 1406 seeking to dismiss Plaintiff's, HARTFORD FIRE INSURANCE COMPANY as subrogee of MULTIAX CNC, INC. (hereinafter "Hartford" or "Plaintiff") Complaint in its entirety on the basis of a mandatory and exclusive forum selection clause contained in the Bill of Lading[1] contract numbered 016112284-C (hereinafter "the Bill of Lading") issued by Combi for the carriage of goods consigned to Multiax CNC, Inc. ("Multiax"). *A copy of the Bill of Lading is annexed to the Declaration of Anne C. LeVasseur as Exhibit 1.* Additionally, Hartford's Complaint should be dismissed as it fails to state a claim upon which relief can be granted under Fed.R.Civ.P 12(b)(6).

As will be shown herein, this action should be dismissed in its entirety as the forum selection in the Bill of Lading contract is governed by the law of Italy, and any claims or disputes arising thereunder shall be determined by the courts of Italy. The face of the Bill of Lading contains the following clause:

> *The contract evidenced by or contained in this Bill of Lading is governed by the laws of Italy, and any claims or dispute arising hereunder or in connection herewith shall be determined by Courts of Italy and no other Courts.*

*See Exhibit 1 to the Declaration of Anne C. LeVasseur.* As Italy is the proper forum and governing of law selected by the parties in accordance with the mandatory and exclusive jurisdiction clause, Plaintiff's Complaint should be dismissed.

---

[1] A bill of lading is a contract of carriage for the common carriage of goods by sea.

## SUMMARY OF ALLEGED FACTS

Hartford commenced this action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and under the admiralty and maritime jurisdiction of the United States. *See Plaintiff's Complaint ¶ 1.* Hartford alleges that it is a United States corporation and provided all-risk cargo insurance for the shipment of the cargo subject to the Bill of Lading as described in its Complaint. *See Plaintiff's Complaint ¶ 2.* Hartford further alleges that it paid the consignee and owner of the shipment of goods pursuant to a marine cargo insurance policy and now brings this action "on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may or become interested in the said shipment, as their respective interests may ultimately appear, and is entitled to maintain this action." *See Plaintiff's Complaint ¶ 3.*

Hartford's Complaint alleges that Combi managed and/or otherwise controlled or contracted to use the vessel "M/V Nordsea" (hereinafter "the Vessel") as a general vessel engaged in the common carriage of merchandise by water for hire between the ports of Genoa, Italy and New York. *See Plaintiff's Complaint ¶ 4.* Hartford alleges that on or before December 17, 2006, Multiax International SPA, as shipper, delivered to Combi and the Vessel at Genoa, Italy, as common carriers, a shipment consisting of a Multiax "T" Series CNC Router, then being in good order and condition, which Combi accepted and agreed to transport and carry the shipment to New York, New York, in consideration of freight charges, and deliver same in like good order and condition as when shipped, delivered to and received by them, to Multiax, the consignee and Plaintiff's assured "all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant COMBI LINE numbered 016112284-C, dated on or about December 17, 2006." *See Plaintiff's Complaint ¶ 5.*

2

Hartford alleges that Combi delivered the shipment but not in like good order, but "with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire." *See Plaintiff's Complaint ¶ 6.*

Hartford seeks recovery for damages in the sum of $154,220.35 against Combi. *See Plaintiff's Complaint, Prayer for Relief ¶ 3.*

## STATUS OF THE CASE

Hartford commenced this action on or about December 27, 2007. On or about March 19, 2008, Combi filed its Answer with Affirmative Defenses. Combi's Answer pleads that the terms of the Bill of Lading require that this matter be heard in a forum other than this Court. *See Defendant's Answer with Affirmative Defenses ¶ 15.* Combi's Answer also pleads that the Complaint fails to state a claim upon which relief can be granted and that this action is founded upon improper venue. *Defendant's Answer with Affirmative Defenses ¶ 1, 14.*

No other motions or discovery proceedings have been had. Combi now brings this motion to dismiss the claims against it on the grounds of the mandatory and exclusive foreign forum selection clause contained in the Bill of Lading.

## ARGUMENT

### POINT I

### MOTION TO DISMISS LEGAL STANDARD

"The Supreme Court reconsidered the standard for motions to dismiss in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), in the wake of which courts are to apply 'a flexible plausibility standard', which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *VR Global Partners, L.P. v. Bennett*, 2008 Dist. LEXIS 66065 at *12 (S.D.N.Y.

3

August 28, 2008) *citing Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "Under this standard, a complaint may be dismissed where it fails to plead enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1974. "In order to state a claim, the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, its complaint must be dismissed." *Id.* at 1974.

"When deciding a 12(b)(6) motion, the Court must take as true the facts as alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "Dismissal for failure to state a claim is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). Additionally, "[a] complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Zim Integrated Shipping Services v. Belco Res. Inc.*, 2008 U.S. DIST. LEXIS 36524 at * 13 (S.D.N.Y. May 2, 2008).

### POINT II

### THE FORUM SELECTION CLAUSE CONTAINED IN THE BILL OF LADING CONTRACT IS MANDATORY AND MUST BE ENFORCED

"The Supreme Court has repeatedly upheld the validity of forum selection clauses between contracting parties." *American Home Assurance Company a/s/o Stanley Door Systems v. M/V Hanjin Marseilles*, 2004 U.S. Dist. LEXIS 9705 (S.D.N.Y. June 1, 2004) *citing e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589-95, 111 S. Ct. 1522, 1525-28, 113 L. Ed. 2d 622 (1991); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14, 105 S. Ct. 2174, 2182 n. 14, 85 l. Ed. 2d 528 (1985); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 8-18, 92 S. Ct.

4

1097, 1912-17, 32 L. Ed. 2d 513 (1972). "[C]ourts of this circuit have made it clear that courts do possess the ability under either Rule 12(b)(3) or §1406(a) to dismiss a case upon a motion that a forum selection clause renders venue in a particular court improper." *Zurich Ins. Co. v. Prime, Inc.*, 419 F. Supp. 2d 384, 386 (S.D.N.Y. August 9, 2005).

> The Carriage of Goods by Sea Act (COGSA), 46 U.S.C. §§ 1300-15, applies to bills of lading for shipments to or from a U.S. port in foreign trade. Like other contracts, mandatory forum selection clauses in maritime contracts governed by COGSA are upheld between the parties by federal courts. In *Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 115 S. Ct. 2322, 132 L. Ed. 2d 462 (1995), the Supreme Court held that foreign arbitration clauses in bills of lading were not invalid under COGSA. Since *Sky Reefer*, courts have consistently held that forum selection clauses (including foreign arbitration clauses) in bills of lading are valid under COGSA. *See, e.g., Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 294 F.3d 1171, 1175 (9th Cir. 2002), *pet. for cert. filed*, 538 U.S. 975, No. 02-813, 71 USLW 3400 (Nov. 22, 2002); *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1339 (9th Cir. 1997), *cert. denied*, 525 U.S. 921, 119 S. Ct. 275, 142 L. Ed. 2d 227 (1998); *Mitsui & Co. (U.S.A.), Inc. v. Mira M/V*, 111 F.3d 33, 36 (5th Cir. 1997); *Glyphics Media, Inc. v. M.V. Conti Sing.*, 2003 U.S. Dist. LEXIS 4387, 02 Civ. 4398, 2003 WL 1484145 at *4-6 (S.D.N.Y. Mar. 21, 2003); *Far Eastern Antique Arts v. M/V Cho Yang Success*, 2002 U.S. Dist. LEXIS 10698, 01 Civ. 8375, 2002 WL 1313308 at *2 (S.D.N.Y. June 14, 2002); *Central National-Gottesman, Inc. v. M.V. Gertrude Oldendorff*, 204 F. Supp. 2d 675, 679 (S.D.N.Y. 2002); *Commercial Union Ins. Co. v. M.V. Bremen Express*, 16 F. Supp. 2d 403, 407 (S.D.N.Y. 1998), *aff'd*, No. 99-9070, 208 F.3d 202 (table) (2d Cir. Mar. 21, 2000); *Farrell Lines, Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 125-28 (S.D.N.Y. 1997), *aff'd*, 161 F.3d 115 (2d Cir. 1998); *International Marine Underwriters CU v. M/V Kasif Kalkavan*, 989 F. Supp. 498, 499-500 (S.D.N.Y. 1998).

*American Home Assurance Co. a/s/o Stanley Door Systems v. M/V Hanjjin Marseilles*, 2004 U.S. Dist. LEXIS 9705 at *5.

Recently, the Second Circuit has articulated a four-part test to determine whether to dismiss a claim based on a forum selection clause. *See Phillips v. Audio Active Ltd.*, 495 F.3d 378, 383-84 (2d Cir. 2007). First, a forum selection clause must be "reasonably communicated to the party resisting enforcement." *Id.* Second, a court must decide whether the forum selection clause is classified as "mandatory or permissive, *i.e.*, to decide whether the parties are required to

5

bring any dispute to the designated forum or simply permitted to do so." *Id.* Third, the court must determine whether the claims and parties involved in the suit are subject to the forum selection clause. *Id.* If the court determines that the forum clause was communicated the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. *Id.* The fourth step of the analysis requires the court to determine "whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* 384-385.

In the instant matter before the Court, there can be no dispute with regard to the first prong of the four-part test. The forum selection clause is clearly printed on the face of the Bill of Lading and thus was reasonably communicated. *See Nippon Express U.S.A. (Illinois) Inc. v. M/V Chang Jiang Bridge*, 2007 U.S. Dist. LEXIS 92032 at *9-10 (S.D.N.Y. December 13, 2007) (holding forum selection clause was reasonably communicated to challenging party when printed on the Bill of Lading.)

As to the second prong, the forum selection clause contains the following language: "any claims or disputes arising hereunder or in connection herewith shall be determined by Courts of Italy and no other Courts." (*emphasis added*). *See Exhibit 1 to Declaration of Anne C. LeVasseur.* "Forum selection clauses that contain the term 'shall' generally are held to be mandatory clauses that must be enforced." *American Home Assurance Co. a/s/o Stanley Door Systems v. M/V Hanjin Marseilles*, 2004 U.S. Dist. LEXIS at * 11 (S.D.N.Y. June 1, 2004). The Bill of Lading provides for the jurisdiction of the Italian courts and expressly excludes any other courts. *See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs., Inc.*, 22 F. 3d 51, 52-53 (2d Cir. 1994)(forum selection clause is mandatory when venue and jurisdiction

6

is specified with exclusive or mandatory language.) The parties clearly evidenced their intent to make the courts of Italy the exclusive jurisdiction, thereby making the forum selection clause mandatory rather than permissive, *i.e.*, the parties are required to bring any dispute to the designated forum.

The third prong is whether the claims and the parties are subject to the forum selection clause. There is no doubt that this prong of the test is satisfied. Combi issued the Bill of Lading for the shipment of Multiax "T" Series CNC Routers, and lists Multiax as the consignee of the shipped goods. Additionally, Hartford, as subrogee of Multiax, has sued for damages under the Bill of Lading. A party which sues on the bill of lading accepts its terms. *See Mitsui & Co. v. MIRA M/V,* 111 F.3d 33, 36 (5th Cir. 1997)(holding district court did not err in determining that, by filing a lawsuit for damages under the bill of lading, plaintiff had accepted the terms of the bill of lading, including the forum selection clause.) The forum selection clause contained in the Bill of Lading applies to "any claims or disputes arising hereunder or in connection herewith". Hartford's claim admittedly arises under the Bill of Lading in that Plaintiff pleads the existence and breach of the Bill of Lading in its Complaint. *See Plaintiff's Complaint at ¶ 5-6.*

Accordingly, the Bill of Lading is presumptively valid and can only be overcome upon a factual showing by Hartford that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching". *Philips v. Audio Active Ltd*, 494 F. 3d at 383-384 *citing M/S/ Berman v. Zapata Off-Shore Co.*, 407 U.S. at 15. "A forum selection clause may be found unreasonable or unjust if its enforcement will for all practical purposes deprive the complaining party of its day in court due to the grave inconvenience or unfairness of the selected forum." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1982). In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 8-18, the Supreme Court established a

7

federal standard relating to enforcement of forum clauses applicable in admiralty and international transactions.

> Under *M/S Berman*, dismissal of [Plaintiff's] claim is proper unless [it] makes a prima facie showing that the clause should be set aside... We have explained that a forum clause is enforceable unless (1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.

*Phillips v. Audio Active Ltd*, 494 F.3d at 392 *citing Roby v. Corp. of Lloyd's*, 996 F.2d at 1358-61.

Hartford does not allege fraud in its Complaint. Federal Rules of Civil Procedure Rule 9(b) provides, in relevant part "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularly." Hartford has not alleged any circumstances alluding to any fraudulent conduct attributable to Combi. Neither does Hartford allege the Bill of Lading is overreaching.

Additionally, there is no reason to consider the courts of Italy to be a fundamentally unfair forum since Italian forum selection clauses have been enforced by New York courts. *See Dukane Fabrics International Inc. v. M.V. Hreljin*, 600 F. Supp. 202, 204, 1985 U.S. Dist. LEXIS 23456 at *7 (S.D.N.Y. January 14, 1985)(holding it is not unfair for plaintiff's claims to be heard in an Italian forum because plaintiff's claims would not be treated any less fairly by courts of Italy). Nor will enforcement of the forum selection clause contravene any strong public policy.

> [T]he Court of appeals for the Second Circuit has developed a policy of honoring forum selection clauses. *See Strategic Mktg. & Communications, Inc. v. Kmart Corp.*, 41 F. Supp. 2d 268, 270 (S.D.N.Y. 1988). Underlying this policy is an understanding that forum selection clauses carry an economic benefit to at least one of the parties that is typically reflected in the overall economics of the

8

contract. As such, these clauses are bargained-for terms of the contract that deserve to be honored by courts.

*Zurich Insurance Co. v. 105078 Ontario, Inc.* 419 F. Supp. 2d 384, 2005 U.S. Dist. LEXIS 16384 (S.D.N.Y. August 9, 2005); *see also La Fondiaria Assicurazione S.P.A. v. Ocean World*, 2002 U.S. Dist. LEXIS 23913 at *5 (S.D.N.Y. December 12, 2002)("forum selection clauses are favored for the certainty they bring to overseas shipping transactions.")

Trial in Italy will not be so difficult and inconvenient that Plaintiff effectively will be deprived of its day in court. Litigation in Italy is not impractical or unfair. In addition, Combi has its principal place of business in Milan, Italy. The face of the Bill of Lading lists the shipper of the goods as "Multiax International SPA" with an address of "Via Segluzza, 25, 33170 Prodenons, Italy." *See Exhibit 1 to Declaration of Anne C. LeVasseur.*

Finally, Combi notes that Multiax knowingly entered into the Bill of Lading containing the forum selection clause, and it willingly submitted itself to the jurisdiction of the Italian courts with respect to claims or disputes arising under or in connection with the Bill of Lading. Plaintiff cannot be allowed to now claim unfairness as a result of having to litigate its claim in Italy.

Because the forum selection clause was reasonably communicated to Plaintiff, and is mandatory rather than permissive, and because the claims and the parties are subject to the forum selection clause, and finally, because Plaintiff is unable to rebut the presumption of enforceability, the forum selection clause contained in the Bill of Lading must be enforced and Plaintiff's Complaint dismissed in its entirety.

## CONCLUSION

In light of the clear intention of the parties to be governed by Italian law in an Italian forum, as evidenced by the Bill of Lading contract, this Court should grant Defendant's motion to dismiss Plaintiff's Complaint in its entirety.

Dated:  New York, NY
        September 3, 2008

                          The Defendant,
                          COMBI LINE INTERNATIONAL, S.P.A.

By: _____
Patrick F. Lennon (PL2162)
Anne C. LeVasseur (AL3333)
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
(212) 490-6070 fax
pfl@lenmur.com
acl@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on September 3, 2008 a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: /s/ Anne C. LeVasseur
Anne C. LeVasseur