BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-P-016-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

HARTFORD FIRE INSURANCE COMPANY
a/s/o Multiax CNC, Inc.,

                     Plaintiff,

- against -

COMBI LINE INTERNATIONAL, S.P.A.,

                     Defendant.

-----------------------------------------------------------------x

ECF CASE

07 Civ. 11606 (MGC)

**RULE 56.1 STATEMENT**

      Pursuant to Local Rule 56.1, Plaintiff Hartford Fire Insurance Company ("Hartford") submits this Statement of Undisputed Material Facts in support of its motion for partial summary judgment:

      1. Combi Line International, S.p.A. ("Combi"), issued a bill of lading covering the carriage of 11 packages making up a Multiax "T" series CNC Router from the port of loading, Genova, Italy, to New York, New York dated December 17, 2006. (*See*, Krauzlis Affirmation, Ex. 1)

      2. The shipper on the Combi bill of lading was Multiax International, S.p.A., and the consignee was Multiax CNC, Inc. (*See*, Krauzlis Affirmation, Ex. 1)

3. The Combi acknowledged the subject shipment was being carried in a 40 foot open-top container by the designation in the bill of lading of "1X40' OT" inserted under the "Marks and numbers" column.

4. There was no agreement by the shipper nor custom at the port of loading permitting the carriage of an open-top container above deck on the carrying vessel.

5. Despite the lack of any agreement by the shipper and the lack of any custom permitting carriage of the subject open-top container on deck of the carrying vessel, the defendant Combi, none the less, loaded, stowed and carried the subject container on deck during the subject trans-Atlantic voyage during the winter season.

6. During the course of the voyage from Italy to New York, the subject cargo was carried on deck and was exposed to the weather and seas usually encountered during a winter passage on the North Atlantic Ocean.

7. As a direct result of defendant Combi having carried the subject open-top container on deck during the winter voyage in question, upon arrival at the port of New York the cargo was found to have been was severely damaged when boarding seas and high winds ripped the tarpaulin covering the top of the container and sea water penetrated into the cargo, causing severe rust damage to the shipment.

8. As a direct result of the defendant Combi having carried the subejct open-top container on deck during the winter voyage in question, the estimated cost to plaintiff's assured, Mulitax CNC, to repair the damages was determined to be $195,117.31.

9. Multiax CNC, Inc., presented a claim for cargo damage to Hartford, their marine cargo underwriter, and Hartford made a payment to its insured, Multiax CNC, Inc., in the amount of $154,220.35, for the losses suffered by its assured by reason of the on deck carriage of the subject shipment by defendant Combi..

10. On or about December 28, 2007, Plaintiff Hartford filed suit against Combi in connection with the damages caused to the subject shipment during the carriage in question.

11. On or about March 19, 2008, Defendant Combi filed an answer alleging, inter alia, that the bill of lading issued by Combi contains a contractual provision stating, in effect, any claims or dispute arising under the bill of lading shall be determined by Courts of Italy, and no other Courts.

Dated: Mineola, New York
September 9, 2008

                                          BADIAK & WILL, LLP
                                        Attorneys for Plaintiff,
                                        Hartford Fire Insurance Co.

By:_____
      JAMES P. KRAUZLIS (JK-4972)

TO:   LENNON MURPHY & LENNON, LLC
       Attorneys for the Defendant
       COMBI LINE INTERNATIONAL
       The GrayBar Building
       420 Lexingtion Avenue, Suite 300
       New York, New York 10170

Docket No.: 07 Civ. 11606 (MGC)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                                          ) SS:
COUNTY OF NASSAU )

I, Jackie Moore, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside at c/o Badiak & Will, LLP, 106 Third Street, Mineola, New York, 11501-4404. **On September 9, 2008**, I served the within **RULE 56.1 STATEMENT** on:

Leonard Murphy & Leonard, LLC
Attorney for Defendant
Combi Line International, S.p.A.
The GrayBar Building
420 Lexington Avenue
New York, New York 10170

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
Jackie Moore

Sworn to before me this
9th day of September, 2008.

_____
NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6,____

Ref No.: 07-P-016-JK